UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
PETER AVOLETTA, ET AL.        :
                              :
         v.                   :    No. 3:07CV841(AHN)
                              :
CITY OF TORRINGTON, ET AL.    :
```

RULING ON MOTION FOR RECONSIDERATION

On March 31, 2008, the court dismissed the plaintiffs' claims under the Connecticut Constitution, the IDEA, Section 504 of the Rehabilitation Act, the ADA, and for negligent infliction of emotional distress for lack of subject matter jurisdiction based on the plaintiffs' failure to satisfy IDEA's exhaustion requirement.[1] The court declined to exercise supplemental jurisdiction over the plaintiffs' remaining state-law claims and remanded them to the Connecticut Superior Court.[2] The plaintiffs now move for reconsideration of the court's ruling pursuant to Rule 35 [sic][3] of the Federal Rules of Civil Procedure and Rule 7

---

[1] The federal and state constitutional claims that were dismissed for lack of subject matter jurisdiction involved allegations that the defendants failed to provide Peter and Matthew Avoletta a free appropriate public education ("FAPE") in a safe school setting without discrimination due to their disabilities.

[2] The court declined to exercise jurisdiction over the remaining state-law claims for spoliation of evidence and fraudulent concealment because they involved novel and complex issues of state law that it did not need to otherwise address.

[3] Presumably, the plaintiffs did not intend to move under Rule 35 in that this rule pertains to physical and mental examinations.

of the Local Rules.

## STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). There are three grounds that justify reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct a clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration is not a vehicle for securing a rehearing on the merits or for giving a disappointed litigant another chance. Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

## DISCUSSION

The plaintiffs do not cite a change in controlling law or newly discovered evidence. They maintain that the court must reconsider its dismissal of their claim under the Connecticut Constitution because (1) IDEA's exhaustion requirement applies only to federal, not state, laws, (2) the court did not have subject matter jurisdiction over that claim, and (3) the court

improperly exercised supplemental jurisdiction in dismissing it. The plaintiffs also assert that reconsideration is required because the court erred in concluding that the exhaustion requirement was not excused by the doctrine of futility. Contrary to the plaintiffs' assertions, none of these grounds warrant reconsideration. Rather, the plaintiffs' motion is nothing more than a thinly veiled attempt to relitigate arguments and issues that the court has already considered and decided.

First, after the defendants removed the case from the Connecticut Superior Court, this court had original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) over the four federal causes of action, i.e., the IDEA, Section 504 of the Rehabilitation Act, the ADA, and 42 U.S.C. § 1983. The court also had supplemental jurisdiction under 28 U.S.C. § 1367(a) over the plaintiffs' state constitutional claim because it substantially overlapped with, and shared the same nucleus of operative facts as the federal claims in that they all involved the alleged denial of a free appropriate public education to Peter and Matthew Avoletta. See 28 U.S.C. § 1367(a). Indeed, because the federal claims and the state constitutional claim were part of the same case or controversy, the court's exercise of jurisdiction over the state constitutional claim was mandatory and could only be declined if one of the exceptions of 28 U.S.C. § 1367(c) was applicable. <u>Itar-Tass Russian News Agency v.</u>

Russian Kurier, Inc., 140 F.3d 442, 447-48 (2d Cir. 1998) ("[T]he discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)."). Whether the state constitutional claim was subject to the same exhaustion requirement as the federal claims did not present a novel, complex, or unsettled issue of state law and the plaintiffs' assertions that this court did not have jurisdiction to consider the issue is without merit.

Second, dismissal of the Connecticut constitutional claim was proper because the plaintiffs failed to exhaust the administrative remedies provided by state and federal law. The exhaustion requirement under Connecticut law is no different from IDEA's exhaustion requirement. Hsing v. Glastonbury Bd. of Educ., No. CV010809804S, 2003 WL 22962412, at *3-4 (Conn. Super. Ct. Dec. 1, 2003) (holding that under Connecticut law, specifically § 10-76h(d)(4) and § 4-183, a plaintiff is required to exhaust administrative remedies pursuant to IDEA before filing suit alleging the denial of a free appropriate public education under state education laws).

Indeed, as the Connecticut Supreme Court has consistently held, "it is a settled principle of administrative law that, if an adequate administrative remedy exists it must be exhausted before [a court] will obtain jurisdiction to act in the matter." Fish Unlimited v. Northeast Util. Serv. Co., 254 Conn. 1, 11-12

(2000); see also e.g., Polymer Res., Ltd. v. Keeney, 227 Conn. 545, 557 (1993) (quoting LaCroix v. Bd. of Educ. of City of Bridgeport, 199 Conn. 70, 83-84 (1986)); Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 556-57 (1987). The exhaustion doctrine implicates subject matter jurisdiction even in cases that raise constitutional challenges to an agency's actions. LaCroix v. Bd. of Educ. of City of Bridgeport, 199 Conn. 70, 79 (1986).

Merely because the plaintiffs' claim that the defendants denied them their right to a free appropriate public education in a safe school setting without discrimination was couched as a violation of the Connecticut Constitution did not excuse their failure to exhaust the administrative remedies. E.g., Stepney LLC v. Town of Fairfield, 263 Conn. 558, 571 (2003). "Simply bringing a constitutional challenge to an agency's actions will not necessarily excuse a failure to follow an available [administrative process]." LaCroix, 199 Conn. at 79. In fact, "direct adjudication even of constitutional claims is not warranted when the relief sought by a litigant might conceivably have been obtained through an alternative [administrative] procedure ... which [the litigant] has chosen to ignore." Stepney LLC, 263 Conn. at 571 (quoting Polymer Res., Ltd., 227 Conn. at 563). The plaintiffs' failure to exhaust their administrative remedies deprived this court, and would have also

deprived the Connecticut Superior Court, of subject matter jurisdiction over the state constitutional claim just as the failure deprived this court of subject matter jurisdiction over the IDEA, ADA, Section 504, and Section 1983 claims. Accord Polera v. Bd. of Educ. of Newburg, 288 F.3d 478 (2d Cir. 2002) (dismissing plaintiff's federal claims as well as those brought under the New York Constitution and state common law for failing to exhaust IDEA's administrative remedies).

Moreover, after the court determined that it did not have subject matter jurisdiction over the federal claims and the state constitutional claim, it had the discretion to decline to exercise jurisdiction over the supplemental state-law claims of spoliation of evidence and fraudulent concealment because those claims involved different facts and raised novel or complex issues of state law, including municipal and sovereign immunity, that the court did not need to otherwise decide. 28 U.S.C. §§ 1367(c)(1)&(3); Itar-Tass Russian News Agency, 140 F.3d at 447-48; cf. Innovative Home Health Care, Inc. v. P.T.- O.T. Assocs., 141 F.3d 1284, 1287 (8th Cir. 1998) (noting that a court may decline supplemental jurisdiction at any stage of the litigation and the fact that it may have previously exercised such jurisdiction is not a bar to later relinquishing it).

Similarly without merit is the plaintiffs' claim that the court erred in finding that the futility doctrine did not excuse

their failure to exhaust.  The plaintiffs have not identified any intervening change in controlling law or any law or material facts that the court overlooked that might reasonably be expected to alter its conclusion that the administrative process would have provided them with an adequate remedy for the ills of which they complained.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for reconsideration [doc. # 60] is DENIED.  The court adheres to its prior ruling in all respects.

SO ORDERED this <u>18th</u> day of July, 2008 at Bridgeport, Connecticut.

/s/_____
          Alan H. Nevas
     United States District Judge